IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>SCOTT MORROW<br><br>      Defendant. | 8:22–CR–74<br><br>**MEMORANDUM REGARDING JUDGMENT IN CRIMINAL CASE** |

  The Defendant came before the Court for sentencing on August 24, 2023. During the sentencing hearing, the Court accepted the parties' plea agreement that was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Filing 36. As provided to the Court, the plea agreement stated that "the defendant shall be sentenced within the Guideline range of 1 to 7 months." Filing 36 at 3. However, during the sentencing hearing counsel for both the Defendant and the United States assured the Court that their plea agreement permitted the Court to impose 60 days of home detention without any additional period of incarceration. Accordingly, the Court imposed a sentence that included 60 days of home detention along with a three-year term of supervised release. The Court also directed at the sentencing hearing that the Defendant be given credit for time served.

  On Monday, August 28, 2023, Court staff communicated with the parties via e-mail. The communication stated that despite assurances from the parties, the sentence imposed was inconsistent with the written plea agreement because it was not a "within-guideline sentence[.]" The Court notes that under the circumstances presented in Defendant's case, the United States Sentencing Guidelines provided that the Court could only impose home detention if it imposed either (1) at least one month of actual imprisonment, or (2) imposed home detention as a condition of probation. *See* U.S.S.G. § 5C1.1(c). Thus, the Court's sentence reflected a downward variance

1

which was justified by the reasons given at sentencing. To resolve this matter, the Court's August 28, 2023, communication to the parties stated that the Court had concluded that the United States had orally acquiesced to a modification of the plea agreement when it agreed the Court could give the sentence announced in compliance with the terms of the plea agreement. The Court further advised the parties that the Court's written judgment would reflect the Defendant was sentenced to time-served (approximately three days of incarceration) with a three-year supervised release term to follow that includes 60 days of home detention. The Court concludes this does not constitute a change in sentence because this sentence was the same sentence pronounced by the Court at the hearing. This is because the Court gave the Defendant "credit for time served" at the sentencing hearing, which of course included his three days of incarceration.

    The Court further noted in its August 28, 2023, communication to the parties that if there was an objection to the Court's planned entry of a judgment reflecting this sentence, the Court would hold a hearing on the matter so the parties could be heard. Both parties responded to the Court's communication the following day, August 29, 2023. Counsel for the Defendant stated, "I have no objection." Counsel for the United States likewise stated, "I also have no objection[.]" Based upon the foregoing, the Court's judgment in this case includes a sentence to time served, three years of supervised release, and 60 days of home detention to be completed as part of the Defendant's supervised release, as reflected in the Court's judgment in a criminal case.

    Dated this 30th day of August, 2023.

                                              BY THE COURT:

                                              Brian C. Buescher
                                              United States District Judge